IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2019

## WILLIAM ANTWAIN BURNS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2013-A-326      Cheryl A. Blackburn, Judge**

_____

### No. M2019-00486-CCA-R3-PC
_____

The pro se Petitioner, William Antwain Burns, appeals the summary dismissal of his petition for post-conviction DNA analysis. Following our review, we affirm the judgment of the post-conviction court summarily dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and J. ROSS DYER, JJ., joined.

William Antwain Burns, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Katharine K. Decker, Assistant Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

In 2013, the Davidson County Grand Jury returned an indictment charging the Petitioner and two co-defendants with fifteen counts of aggravated rape and four counts of especially aggravated kidnapping based on offenses committed against four different victims. On May 3, 2013, the Defendant pled guilty to four counts of aggravated rape in exchange for concurrent sentences of twenty years at 100% for each conviction, with the remaining counts of the indictment dismissed.

On February 8, 2019, the Petitioner filed a pro se petition requesting DNA analysis pursuant to the Post-Conviction DNA Analysis Act of 2001. The Petitioner

asserted that he and one of the alleged victims had been engaged in consensual sexual intercourse in a bedroom at the time of the alleged rapes and kidnappings "and that a reasonable probability exists that analysis of the evidence will produce DNA results that would exonerate him of aggravated rape if the results had been available . . . because [his] DNA profile would not be found in the other three alleged rape victims [sic] rape kits."

On February 12, 2019, the post-conviction court entered a detailed written order in which it dismissed the petition without a hearing on the basis that the Petitioner failed on multiple grounds to show that his case fit within the parameters of the post-conviction DNA Analysis Act. Among other things, the court noted that DNA analysis had been performed in the case, that the Petitioner's DNA was found to match samples taken from the two victims who submitted to rape kits, and that the Petitioner had pled guilty to the offenses based on the State's recitation of facts, in which the prosecutor announced that the Petitioner and his co-defendants had forced the women into a house, made them disrobe, and sexually assaulted them. The court further noted that the Petitioner had given a statement to police in which he acknowledged that the women had been forced in the house and forced to disrobe and that some of the sexual activity described by the prosecutor had taken place. Finally, the court also noted that there was significant evidence of the Petitioner's guilt wholly aside from the DNA evidence, including the Petitioner's confession to police, eyewitness identification by multiple victims, and surveillance footage from a convenience store. The court, therefore, denied and dismissed the petition without a hearing.

## ANALYSIS

Under the Post-Conviction DNA Analysis Act of 2001, the court shall order DNA analysis of "any evidence that is in the possession or control of the prosecution . . . , and that is related to the investigation or prosecution that resulted in the judgment of conviction and that may contain biological evidence," Tenn. Code Ann. § 40-30-303, if the court finds:

(1) A reasonable probability exists that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis;

(2) The evidence is still in existence and in such a condition that DNA analysis may be conducted;

(3) The evidence was never previously subjected to DNA analysis or was not subjected to the analysis that is now requested which could resolve an issue not resolved by previous analysis; and

(4) The application for analysis is made for the purpose of demonstrating innocence and not to unreasonably delay the execution of sentence or administration of justice.

Id. § 40-30-304.

The post-conviction court is granted considerable discretion in its decision about whether to grant a petitioner relief under the Post-Conviction DNA Analysis Act, and this court will not reverse its judgment unless it is unsupported by substantial evidence. See Sedley Alley v. State, No. W2004-01204-CCA-R3-PD, 2004 WL 1196095, at *3 (Tenn. Crim. App. May 26, 2004), perm. app. denied (Tenn. Oct. 4, 2004).

We conclude that the post-conviction court's summary dismissal of the petition was proper. DNA analysis was already performed on the rape kits of the only two victims who submitted to rape examinations. Moreover, despite the Petitioner's claim that he was occupied with consensual sexual intercourse with one of the alleged victims while the other victims were being assaulted without his knowledge, his DNA was found to match samples taken from the rape kits of both victims who provided samples. Accordingly, we affirm the judgment of the post-conviction court denying the Petitioner's request for DNA analysis.

# CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the summary dismissal of the petition for post-conviction DNA analysis.

_____
ALAN E. GLENN, JUDGE